UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **Kevin Rieker**, | |
| Plaintiff, | Case No. |
| v. | |
| **National Care Cure, LLC, SunPath, LTD Corp. d/b/a SunPath LTD Corp. of Delaware, and Northcoast Warranty Services., Inc.**, | Complaint and Demand for Jury Trial |
| Defendants. | |

## COMPLAINT

**Kevin Rieker** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **National Care Cure, LLC, SunPath, LTD Corp. d/b/a SunPath LTD Corp. of Delaware** and **Northcoast Warranty Services, Inc.** (Defendants):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants conduct business in the State of Florida.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Tallahassee, Florida, 32311.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant National Care Cure, LLC ("NCC") is a business entity with a mailing address at 1665 Palm Beach Lakes Blvd., Ste. 215, West Palm Beach, Florida 33401.

8. Defendant SunPath, LTD Corp. d/b/a SunPath LTD Corp. of Delaware ("SunPath") is a business entity with principal place of business and mailing address at 50 Braintree Hill Office Park, Suite 310, Braintree, Massachusetts, 02184.

9. Defendant Northcoast Warranty Services, Inc. ("NWS") is a business entity with principal place of business and mailing address at 800 Superior Avenue E., 21st Floor, Cleveland, Ohio 44114.

10. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

11. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

12. SunPath provides extended warranty services to consumers.

13. To generate business through sales, SunPath relies on telemarketing services conducted by NCC.

14. One of Defendants' strategies for telemarking involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

15. Defendants also utilizes pre-recorded messages in their telemarketing to solicit business.

16. Beginning in or around October 2019, NCC began calling Mr. Rieker on his cellular telephone, XXX-XXX-8220, attempting to sell Plaintiff a SunPath automobile warranty.

17. Plaintiff never sought information about a motor vehicle warranty and did not consent to the calls from Defendants.

18. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

19. Plaintiff's cellular telephone number, XXX-XXX-8220 has been on the Do Not Call Registry since July 13, 2009.

20. On each when Mr. Rieker answered he heard a pre-recorded message before anyone came on the line.

21. When Plaintiff spoke with a live individual, he was solicited for a SunPath warranty.

22. On February 20, 2020, in order to ascertain who was responsible for the calls, Mr. Rieker purchased a SunPath automobile warranty from NCC.

23. Thereafter, NCC mailed a SunPath contract booklet to Plaintiff. See Exhibit "A."

24. The SunPath contract booklet identified the "Seller/Dealer/Vendor Name" as Defendant NCC. See Id.

25. The SunPath contract booklet identified the "Administrator" as Defendant SunPath. See Id.

26. The contract booklet identified the "Provider/Obligor" as Defendant NWS. See Id.

27. Upon information and belief, Defendants SunPath and NWS authorized Defendant NCC to solicit and generate prospective customers, and enter into contracts on their behalf with those prospective customers.

28. The actions described herein were in violation of the TCPA.

## COUN T I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiff's cellular telephones without any prior express consent.

25. Defendants contacted Plaintiff at XXX-XXX-8220 despite the fact that Plaintiff has been on the Do Not Call Registry since July 13, 2009.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendants contacted Plaintiff at XXX-XXX-8220 despite the fact that Plaintiff has been on the Do Not Call Registry since July 13, 2009.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Kevin Rieker,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

g. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Kevin Rieker,** demands a jury trial in this case.

                                                Respectfully submitted,

Dated: 10/22/2020                                <u>/s/ Amy L. Bennecoff Ginsburg</u>
                                                Amy L. Bennecoff Ginsburg
                                                Kimmel & Silverman, P.C.
                                                30 East Butler Pike
                                                Ambler, Pennsylvania 19002
                                                Phone: (215) 540-8888
                                                Facsimile: (877) 788-2864
                                                Email: teamkimmel@creditlaw.com